IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 16-5700 |
| JUAN A. ROZIER, | : | |
|     Defendant. | : | |

## **ORDER**

AND NOW, this 4th day of April, 2017, upon consideration of Plaintiff's Motion for Service by Posting Property and Certified Mail (Dkt No. 2), it is hereby ORDERED that said Motion is DENIED without prejudice.[1]

---

[1] Plaintiff seeks to alternatively serve Defendant via posting and certified mail, pursuant to Rule 430 of the Pennsylvania Rules of Civil Procedure. The Note to Pennsylvania Rule of Civil Procedure 430(a) provides as follows:

> A sheriff's return of "not found" or the fact that a defendant has moved without leaving a new forwarding address is insufficient evidence of concealment. Gonzales v. Polis, 357 A.2d 580 (Pa. Super. 1976). Notice of intended adoption mailed to last known address requires a "good faith effort" to discover the correct address. Adoption of Walker, 360 A.2d 603 (Pa. 1976).
>
> An illustration of a good faith effort to locate the defendant includes (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search.

In this case, Plaintiff avers that it made inquiries of postal authorities pursuant to the Freedom of Information Act, examined local telephone directories, attempted service at two different addresses, and spoke directly with Defendant at one point in time. Plaintiff attached to its Motion two Affidavits of Non-Service, which indicate six total attempts to serve Defendant at two separate addresses – three times at each address. This Court finds Plaintiff's attempts to serve Defendant insufficient for the following reasons. First, Plaintiff avers that Plaintiff spoke directly with Defendant telephonically, and that Defendant indicated that one address of record was "not a good address for [Defendant]." Despite this, Plaintiff thereafter made three attempts to serve Defendant at the very location Defendant stated was no longer valid. Second, Plaintiffs other attempts to serve Defendant at Defendant's last known address all took place during the winter holiday season – from December 27, 2016 until January 3, 2016 – when it would be reasonable for anyone to be out of town. Finally, Plaintiff states that no attempts were made to contact Defendant's relatives or neighbors to confirm Defendant's address or to possibly ascertain an alternative address at which Defendant could be served.  This Court therefore denies the present motion without prejudice, so that Plaintiff may renew its Motion for alternative service after a good faith effort has been mad to serve Defendant at his last known address.

BY THE COURT:

/s/ C. Darnell Jones, II

C. DARNELL JONES, II    J.